DECISION
Petite C. Wells filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying her temporary total disability ("TTD") compensation and which compels the commission to further consider her entitlement to TTD compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which includes a recommendation that we grant the requested relief.
Counsel for Ms. Wells' former employer, Amcast Industrial Corporation ("Amcast"), has filed objections to the magistrate's decision. Counsel for Ms. Wells has filed a memorandum in response. The case is now before the court for a full, independent review.
Ms. Wells was injured on the job on May 19, 2000. Four days later she sought treatment at a hospital. While she was at the hospital, a urine sample was obtained. The urine sample was later reported as testing position for propoxyphene, the active ingredient in Darvon.
On June 9, 2000, Amcast fired Ms. Wells because of the positive test for Darvon. Amcast's written drug policy refers only to drug-related activities on company premises or to such activities "while conducting company business off company premises."
Because of the half-life of Darvon and its metabolites, the Darvon she took was taken between one and three days after the day she last worked for Amcast after her injury. The physical facts support her claim that she took the Darvon for the pain caused by her injury at a later date but prior to her seeking formal treatment at the hospital.
The objections filed by Amcast ask that we limit the writ of mandamus, which Amcast acknowledges should be granted. Specifically, Amcast seeks to be permitted to revisit the issue of voluntary abandonment of employment before the commission.
Nothing before us suggests any legal or factual basis for a potential finding that Ms. Wells voluntarily abandoned the job from which she was fired. We therefore overrule the objections to the magistrate's decision.
We adopt the findings of fact and conclusions of law contained in the magistrate's decision and grant a writ of mandamus ordering the commission to vacate its finding of a voluntary abandonment of employment and to determine Ms. Wells' entitlement to TTD compensation based solely upon the medical evidence before it.
Objections overruled; writ granted.
BOWMAN and DESHLER, JJ., concur.